■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEMENT OBEYA, Appellant. [974 NYS2d 613]—

Egan Jr., J. Appeal, by permission, from an order of the Supreme Court (Breslin, J.), entered October 19, 2012 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of petit larceny, after a hearing.

In July 2008, defendant, a native of Nigeria who has been a lawful resident of the United States since 2004, pleaded guilty to one count of petit larceny and was sentenced to three years of probation.[1] Approximately nine months after defendant entered his plea, he was detained by immigration officials for deportation. Three years later, defendant unsuccessfully moved to vacate the judgment of conviction, contending that he had received the ineffective assistance of counsel. Shortly thereafter, defendant again moved to vacate the judgment of conviction pursuant to CPL 440.10 and, following a hearing, Supreme Court denied the motion finding, among other things, that defendant failed to establish that trial counsel, David Ehrlich,[2] provided erroneous advice regarding the immigration consequences of the guilty plea. Defendant now appeals, by permission.

We affirm. "To meet his burden of proving that he was deprived of meaningful representation related to his guilty plea, defendant was required to establish both 'that counsel's performance was deficient' and 'that the deficient performance prejudiced the defense' " (*People v Glasgow*, 95 AD3d 1367, 1368 [2012], *lv denied* 20 NY3d 1061 [2013], quoting *Strickland v Washington*, 466 US 668, 687 [1984]). Here, the record indeed makes clear that defendant was concerned about the possibility

1. The plea was in full satisfaction of a six-count indictment charging defendant with criminal possession of a forged instrument in the first degree.

2. Although additional counsel was retained to assist with certain motion practice, Ehrlich remained the attorney of record, and it is Ehrlich's advice that is at issue on this appeal.

of being deported. The record does not, however, establish that defendant was given erroneous advice regarding the potential immigration consequences associated with his guilty plea.[3]

To be sure, both defendant and his aunt testified that—based upon conversations with Ehrlich—they were left with "the distinct impression" that pleading guilty to a misdemeanor would not adversely affect defendant's immigration status. In this regard, defendant testified that Ehrlich advised that "he [did not] know of anybody that ever got deported off a misdemeanor." From that statement, defendant "pretty much" concluded that he would not face any immigration consequences as the result of his plea—particularly given that he would not be subject to any "jail time." Defendant's aunt offered similar testimony, stating that Ehrlich indicated that a misdemeanor conviction "most likely" would not result in defendant's deportation. Defendant's aunt acknowledged, however, that Ehrlich's use of the phrase "most likely" necessarily meant that deportation remained a "possibility." To our analysis, the fact that Ehrlich "may have expressed his experience-based assessment of the *likelihood* that removal proceedings might or might not be initiated . . . was not misleading," and the record as a whole falls short of establishing that Ehrlich's "advice was deficient so as to satisfy the first prong of an ineffective assistance of counsel claim" (*People v Glasgow*, 95 AD3d at 1369). Accordingly, inasmuch as defendant failed to demonstrate that he was deprived of meaningful representation, Supreme Court properly denied his motion to vacate the judgment of conviction.

Rose, J.P., Spain and Garry, JJ., concur. Ordered that the order is affirmed.

---

**3.** For purposes of this decision, we have assumed that petit larceny constitutes a deportable offense (*see* 8 USC § 1227 [a] [2] [A] [i]).